---

(No. 15044.—Judgment reversed.)
The New Staunton Coal Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(John Milcic, Admr., Defendant in Error.)

*Opinion filed February 21, 1923—Rehearing denied April 12, 1923.*

1. Workmen's compensation—*the claimant has the burden of proof.* A party claiming compensation as a dependent or administrator of a deceased employee has the affirmative of the issue and is required to establish his claim either by direct evidence or by evidence of circumstances from which an inference of the fact can be fairly drawn.

2. Same—*finding that accidental death arose out of employment cannot rest on conjecture.* In a proceeding for compensation for the death of an employee, a finding of the essential fact that the death was caused by an accidental injury arising out of and in the course of the employment cannot rest on mere surmise or conjecture but only upon evidence which fairly tends to prove the fact.

Duncan, J., dissenting.

Writ of Error to the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding.

Burroughs & Ryder, (R. H. Davis, of counsel,) for plaintiff in error.

W. J. MacDonald, for defendant in error.

Mr. Justice Cartwright delivered the opinion of the court:

On May 19, 1919, the defendant in error, John Milcic, administrator of the estate of Mike Milcic, made application to the Industrial Commission for compensation for the death of Milcic, alleging that his death was caused on April 12, 1919, by an accidental injury in mine No. 1 of the plaintiff in error, the New Staunton Coal Company, by a fall of coal; that it arose out of and in the course of the employment, and that the deceased left a widow and three children under the age of sixteen years. A hearing was had before an arbitrator, when it was stipulated that Milcic was in the employ of the plaintiff in error, and his death in the mine was not denied, but the plaintiff in error denied that the alleged injury arose out of or in the course of the employment. The arbitrator made an award of $3700, payable in weekly installments. There was a petition for a review of the award by the Industrial Commission, and on that review additional evidence was introduced. The commission affirmed the award, and on a writ of *certiorari* from the circuit court of Madison county the writ was quashed and the award again affirmed.

The claimant had the affirmative of the issue and was required to establish his claim either by direct evidence or by evidence of circumstances from which an inference of the fact could be fairly drawn. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board*, 276 Ill. 454; *Savoy Hotel Co.* v. *Industrial Board*, 279 id. 329; *Sparks Milling Co.* v. *Industrial Com.* 293 id. 350.) A finding of the essential fact that the death of Mike Milcic was caused by an accidental injury arising out of and in the course of his employment could not rest on a possibility, surmise or conjecture, and would only be justified if upon a consideration of all the evidence it fairly tended to prove the fact. The evidence offered to establish the claim that the death arose out of and in the course of the employment was the

testimony of Mike Surpass, who was working with Milcic, loading a coal car near the face of a ledge of coal which had been shot down. The car was about four feet high, and Surpass was on the right-hand side and Milcic on the left-hand side. Surpass testified that they were shoveling coal into the car when he heard a noise of falling coal. He did not see any coal fall but heard the noise and heard Milcic groan and went around the car and asked him what was the matter with him; that Milcic was lying down on his hands and breathing hard; that the witness went to get the driver, who was close to the room, and they loaded Milcic, who was unconscious, in the car and took him to the parting near the bottom of the shaft and that he died before reaching the parting. Surpass said that he heard a noise of falling coal and Milcic threw his shovel away and the handle of his shovel was cracked. The county mine inspector who visited the place testified that he examined everything there and looked at the tools and was pretty sure the handle of the shovel was not broken. Milcic was taken out of the mine and a doctor made an examination in the presence of another doctor and found a little abrasion on the corner of the chin, one on the left cheek and another on the chest, but there was no blood nor cut of any kind on the body and there was nothing from which it could be inferred that death was caused by any blow or violent injury. There was testimony by the administrator that Milcic was about forty-nine years of age and that his health was good, and on the other hand there was testimony that he was not a strong man physically but was delicate and short-winded. On this evidence the arbitrator made the award.

On the review before the commission the mine examiner for the mine, the mine manager, the boss driver, the Madison county mine inspector and the State mine inspector were witnesses for the plaintiff in error. There was evidence that the coal, the car and the tools were left at the place and

they examined the room and the roof, and their testimony was that the roof was a rock top; that the room was safe; that there was nothing that could fall or was loose enough to fall; that there was nothing that could have fallen within a few feet either way of the place where Milcic was working; that the coal at the face had been shot down, and the coal naturally slides from the wall until it runs down to nothing, and that the coal could not have hit Milcic. Two practicing doctors, one from Edwardsville and the other from East St. Louis, testified that upon the hypothesis of the evidence the condition of the body, the abrasions and apparent injuries they could not have caused the death. One of them was asked, on cross-examination, a hypothetical question including the fact that there was evidence of a dislocation of the neck, of which there was no evidence, and was asked if it was improbable, under those circumstances, "that the man died as the result of a fall of coal brought about by the dislocation or fracture of his neck." He answered that the abrasions on the chin, cheek and chest were not sufficient to cause a broken neck; that a dislocation or fracture would be obvious. The evidence was conclusive that there was no dislocation of the neck, and it will be apparent that there was a failure of the claimant to prove the controverted fact.

The claim was based on the alleged fact that Mike Milcic left a widow and three children under sixteen years of age in Jugo-Slavic territory, and it is contended that there is no sufficient evidence of their existence. But that question is immaterial in the state of the record.

The judgment is reversed and the award set aside.

*Judgment reversed.*

Mr. Justice Duncan, dissenting.